**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**James Archie BARTON, Defendant-Appellee.**

**No. 83SA385.**

Supreme Court of Colorado, En Banc.

Jan. 9, 1984.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Brighton, for defendant-appellee.

DUBOFSKY, Justice.

The People bring an interlocutory appeal from an Adams County District Court order suppressing evidence seized by a police officer after a warrantless search of a parked automobile.[1] We reverse the district court's order and remand for additional proceedings.

In December, 1982, at the North Valley Shopping Center parking lot, an employee of a store in the shopping mall observed two men who appeared to be working on a Torino with an open hood. The employee saw the men go to a Triumph owned by one of his co-employees, open the door, remove an object resembling a stereo and, carrying the object as if to conceal it, place it in the Torino. After shutting the hood, the two men went into the mall. The employee had a motor home nearby and moved it to block the Torino. The employee then contacted the shopping mall security guards and pointed out the men he had seen. The security guards took the two men, one of whom is the defendant, into custody.

The guards summoned a Thornton police officer who interviewed the employee and the owner of the Triumph. The latter stated that a stereo was missing from her car. The officer then read the defendant his Miranda rights, and the defendant invoked his right to remain silent. The officer went on to ask the defendant whether he owned a car in the parking lot and, receiving an affirmative reply, obtained a written consent to search the defendant's car, the Torino. The officer proceeded to search the car

---

1. C.A.R. 4.1 provides that: "The State may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; provided that the state certifies to the judge who granted such motion that the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant...."

The defendant's brief challenges the district court's refusal to rule on the validity of his arrest by a citizen security guard who did not see the crime committed. An interlocutory appeal by the People under C.A.R. 4.1 does not normally include issues raised by the defendant. *People v. Dailey,* 639 P.2d 1068, 1076 n. 8 (Colo.1982).

and found a stereo and several automotive parts, still in packaging. The stereo was identified by the owner of the Triumph as the one missing from her car.

Before trial the defendant moved to suppress the evidence found in the car, alleging that there was no probable cause for his arrest and that his consent to the search of the car was obtained in violation of his Miranda rights. The district court held that there was probable cause for the arrest but agreed with the defendant that the consent to search was obtained as a result of a Miranda violation and ordered the evidence suppressed. The People moved for reconsideration, conceding the invalidity of the consent, but arguing that the evidence should be admitted under the automobile exception to the constitutional requirement that a police officer obtain a valid search warrant before searching private property. The district court denied the motion, holding that the automobile exception requires exigent circumstances and that here there were no exigent circumstances to justify the search. The People brought an interlocutory appeal, and we reverse the district court's ruling.

■ The automobile exception is based on the exigent circumstances often present when police officers have probable cause to search an automobile. In *People v. Velasquez*, 641 P.2d 943, 949 (Colo.1982), we stated:

> Due to its mobility, the opportunity to search an automobile is fleeting. If an effective search is to be made, either the vehicle must be immediately searched without a warrant or the car itself must be seized and held for whatever period is necessary to obtain a warrant.

*Velasquez* concerned a seizure of an automobile, rather than a warrantless search. In that case, however, we cited approvingly the United States Supreme Court's recognition that, for purposes of the automobile exception, there is no constitutional distinction between an immediate warrantless search and a seizure of the automobile.

> "For constitutional purposes, we see no difference between on the one hand seiz-

ing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981–82, 26 L.Ed.2d 419, 428 (1970).

*People v. Velasquez*, 641 P.2d at 949. *See also United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) for an extensive history of the automobile exception to the warrant requirement.

■ The defendant argues that the automobile exception is applicable only when an automobile is stopped on the highway, and that the defendant's arrest and the blocking of his car by the motor home removed any exigency which might have justified a warrantless search. *People v. Velasquez, supra*, however, upheld ·the seizure of an automobile from a parking lot subsequent to the arrest of the defendant in that case. In *Velasquez* we stated:

> The location of the vehicle in a motel parking lot, rather than a public street, does not affect the legality of the initial seizure. As long as there was probable cause to search the vehicle, public access to the parking lot created a sufficient exigency to permit the immediate seizure of the vehicle under the automobile exception to the warrant requirement. *See, e.g., Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); *United States v. Matthews,* 615 F.2d 1279 (10th Cir.1980); *People v. Meyer,* Colo., 628 P.2d 103 (1981).

*Id.,* at 949–950.

We do not consider the temporary blocking of the defendant's car by a private party to be a consideration significant enough to alter the analysis.

■ The district court stated:

... there are ... requirements that must be met to justify a warrantless search of a vehicle and they are:

1. Probable cause to believe that the vehicle contains evidence of a crime, and

2. The likelihood that, due to exigent circumstances the vehicle and evidence contained therein will be unavailable within the time required to secure a search warrant. . . .

The district court held that "[i]n the instant case, the argument fails on the second ground of exigent circumstances. The Defendant was in custody and the officer had the authority to order its [the automobile's] impoundment."

Based on our decision in *People v. Velasquez, supra,* we reverse the district court ruling. Public access to the parking lot created, in this case, a sufficient exigency to satisfy the second requirement listed by the district court.

Judgment reversed and case remanded for further proceedings.

ERICKSON, C.J., and ROVIRA, J., specially concur.

ERICKSON, Chief Justice, specially concurring:

The facts set forth in the majority opinion admittedly provide probable cause to effect an arrest. The trial court found that the prosecution established probable cause to believe that the Torino contained contraband, but declared that the prosecution had not shown exigent circumstances that justified the warrantless search. Exigent circumstances are not required when there is probable cause to believe that the car contained contraband and the defendant has a diminished expectation of privacy. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). *People v. Velasquez,* 641 P.2d 943 (Colo.1982), was decided prior to the announcement of the *Ross* decision. In my mind, *Ross* is dispositive of the issues in this case.

I am authorized to say that ROVIRA, J., joins in the special concurrence.